**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EILEEN A. McNAMARA, as Administrator of the :
of the ESTATE OF JOHNATHAN GLEAVES, JR. :
                                    :
            v.                    :     NO. 20-CV-4570
                                    :
CITY OF PHILADELPHIA; CORIZON HEALTH, :
GERALD SLORY, ELIZABETH BRADLEY,     :
LALITHA TRIVIKRAM, MATU GAYE, and      :
JOHN DOE(S)                               :

**ANSWER OF DEFENDANTS, CORIZON HEALTH, INC.,**
**ELIZABETH BRADLEY, M.D., LALITHA TRIVIKRAM, M.D.,**
**<u>AND MATU GAYE, RN, TO PLAINTIFF'S COMPLAINT</u>**

**COMES NOW**, the Answering Defendants, Corizon Health, Inc. ("Corizon"), Elizabeth

Bradley, M.D. ("Bradley"), Lalitha Trivikram, M.D. ("Trivikram"), and Matu Gaye, RN

("Gaye"), by and through their counsel, O'Connor Kimball LLP, and as and for their Answer to

the Plaintiff's Complaint in the above-captioned matter states as follows:

### I.  PRELIMINARY STATEMENT

1. Denied. The Plaintiff's Complaint, being in writing, speaks for itself with respect
to the claims raised and the facts alleged. No further response to this paragraph is required.

### II.  JURISDICTION

2. Denied. The allegations of the corresponding paragraph of the Plaintiff's
Complaint contain conclusions of law which are deemed denied and no response is required or
provided. Strict proof thereof is demanded at the time of trial.

### III. PARTIES

3-4. Denied. After reasonable investigation, Answering Defendants are without
knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in
the corresponding paragraphs of the Plaintiff's Complaint.

5.    Denied.  The allegations contained in the corresponding paragraph of the Plaintiff's Complaint are directed to parties other than the Answering Defendant and no response is required.

6.    Denied as stated.  To the contrary, the appropriate name of this defendant is Corizon Health, Inc., a Delaware corporation whose headquarters are in Tennessee, and which is, and has been, a contracted-for provider of medical care to the inmates of the Philadelphia Department of Prisons.

7.    Denied.  The allegations contained in the corresponding paragraph of the Plaintiff's Complaint are directed to parties other than the Answering Defendant and no response is required.

8.    Admitted.

9.    Admitted.

10.    Admitted.

11.    Denied.  The allegations contained in the corresponding paragraph of the Plaintiff's Complaint are directed to parties other than the Answering Defendant and no response is required.

12-13.  Denied.  The allegations contained in the corresponding paragraphs of the Plaintiff's Complaint contain conclusions of law which are deemed denied and no response is required or provided.  Strict proof thereof is demanded at the time of trial.

14.    Denied.  To the extent that the allegations of the corresponding paragraph constitute conclusions of law, same are deemed denied and no response is required.  To the extent that the allegations of the corresponding paragraph purport to make assertions of fact, it is expressly and specifically denied that any of the Answering Defendants acted in any manner that was deliberately indifferent, reckless, grossly negligent, negligent, conspiratorial, careless, tortious, or wrongful in any manner whatsoever and/or that the conduct of the any of these Answering Defendants was a cause, in whole or in part, of the death of the Plaintiff's Decedent.

## IV. FACTUAL ALLEGATIONS

15.    Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the corresponding paragraph of the Plaintiff's Complaint.

16.    Admitted, although the Decedent had no contact with any of the Answering Defendants until several hours after his admission.

17.    Denied. It is expressly an specifically denied that the Decedent had any communications with the Answering Defendants "on arrival," for the reasons stated in response to the foregoing paragraph.

18.    Denied, to the extent that the corresponding paragraph would imply that such knowledge was specific to the City of Philadelphia and Corizon. To the contrary, such information was widespread throughout the entire community and society at large.

19.    Denied. To the contrary, the Answering Defendants were aware that different inmates required different levels of attention and care and planned for the treatment of those inmates accordingly.

20.    Denied. To the contrary, at intake, which occurred many hours after the inmate's admission to the prison, the Plaintiff's Decedent was seen by Defendant Gaye. It is denied that he was seen by Defendant Bradley.

21.    Denied. The encounters of the Decedent with medical staff, including, but not limited to, any of the Answering Defendants, were documented by written records which have been provided to the Plaintiff, and which contain terms that speak for themselves. The Answering Defendants expressly and specifically deny any attempt by the Plaintiff to characterize or define said terms.

22-25. Denied. Answering Defendants incorporate by reference their response to ¶ 21, above.

26.    Denied as stated. To the contrary, newly arriving inmates are incarcerated at Curran Fromhold Correctional Facility ("CFCF") for approximately three days in order to

3

determine the outcome of the Purified Protein Derivative ("PPD") test given to every inmate to screen for the presence of contagious respiratory disease, specifically tuberculosis.

27-32.   Denied.  The allegations contained in the corresponding paragraphs of the Plaintiff's Complaint are directed to parties other than the Answering Defendant and no response is required.

33-37.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the corresponding paragraphs of the Plaintiff's Complaint.

38.   Denied.  The allegations contained in the corresponding paragraph of the Plaintiff's Complaint are directed to parties other than the Answering Defendant and no response is required.

39.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the corresponding paragraph of the Plaintiff's Complaint.

40-41.   Denied.  The allegations contained in the corresponding paragraph of the Plaintiff's Complaint are directed to parties other than the Answering Defendant and no response is required.

42-48.   Denied.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the corresponding paragraphs of the Plaintiff's Complaint.

49.   Denied.  To the extent that the Plaintiff has failed to define the term "directed," the corresponding paragraph is denied, especially insofar as Defendant Trivikram was not the first medical provider to tend to the Decedent.

50.   Denied.  To the contrary, the emergent care provided to the Decedent was prompt, appropriate, and skillfully performed.

51.   Denied.  It is expressly and specifically denied that the Answering Defendants were the cause of any delay in emergent care provided to the Plaintiff's Decedent and the medical records provide the details to contradict this allegation.

52-55. Admitted upon information and belief. By way of further response, physicians at the Hospital determined the Decedent to be under the influence of cocaine at the time.

56.     Denied. To the contrary, the final autopsy report more specifically listed the cause of death as "Drug Intoxication (Cocaine, Fentanyl, Xylazine)".

57-64. Denied. Answering Defendants incorporate by reference their response to ¶ 14 as fully as if said response were set forth herein at length.

### V.     WRONGFUL DEATH AND SURVIVAL ACTIONS

65.     Denied. The allegations of the corresponding paragraph of the Plaintiff's Complaint contain conclusions of law which are deemed denied and no response is required or provided. Strict proof thereof is demanded at the time of trial.

66-73. Denied. To the extent that the allegations of the corresponding paragraph make assertions of fact, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations. To the extent that the corresponding paragraph makes allegations consisting of conclusions of law, no response is required. By way of further response, the Answering Defendants incorporate their response to ¶ 14 as fully as if said response were herein set forth at length.

### VI.   CLAIMS FOR RELIEF

### COUNT I
### Plaintiff v. Defendants Slory, Bradley, Trivikram, Gaye, and Doe(s)
### Federal Constitutional Claims

74.     Denied. The Answering Defendants incorporate their response to ¶ 14 as fully as if said response were herein set forth at length.

### COUNT II

### Plaintiff v. Defendants City of Philadelphia and Corizon Health
### Federal Constitutional Claims

75.     Denied. The Answering Defendants incorporate their response to ¶ 14 as fully as if said response were herein set forth at length.

## COUNT III

**Plaintiff v. Defendants, Bradley, Trivikram, Gaye, Doe(s), and Corizon Health
State Law Negligence Claims**

76-80. Denied.  The Answering Defendants incorporate their response to ¶ 14 as fully as if said response were herein set forth at length.

### VI (sic)    REQUESTED RELIEF

**WHEREFORE**, the Answering Defendants deny any and all liability, and demand that judgment be entered in their favor and against the Plaintiff, together with costs.

### SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against the Answering Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Answering Defendants are not liable for any negligence, wrongful acts, malpractice or deliberate indifference.

### THIRD AFFIRMATIVE DEFENSE

The Answering Defendants provided services under the applicable contract, and are not liable for any negligence, wrongful acts, malpractice or deliberate indifference to the Plaintiff's Decedent.

### FOURTH AFFIRMATIVE DEFENSE

The Answering Defendants performed each and every obligation owed to the Plaintiff's Decedent.

### FIFTH AFFIRMATIVE DEFENSE

6

The underlying injuries to the Plaintiff's Decedent were the result of negligence of other parties over whom the Answering Defendants exercised no control.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's Complaint may be barred by the reason of the applicable statute of limitations, and therefore, the Answering Defendants would not be liable to the Plaintiff for any of those claims.

## SEVENTH AFFIRMATIVE DEFENSE

The conduct of the Plaintiff's decedent was a superseding intervening cause of his harm, thus relieving the Answering Defendants of any and all liability.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Decedent was exceedingly comparatively negligent, and, therefore, any recovery to which Plaintiff would otherwise be entitled against the Answering Defendants must be reduced by the application of the doctrine of comparative negligence.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff may have failed to exhaust administrative remedies, therefore, the claims against the Answering Defendants should be barred.

## TENTH AFFIRMATIVE DEFENSE

The conduct engaged in by the Answering Defendants with respect to the Plaintiff's Decedent's medical treatment was proper, based on the accepted standard of medical care and based on Constitutionally accepted grounds.

## ELEVENTH AFFIRMATIVE DEFENSE

This action is barred by reason of the Eleventh Amendment.

## TWELFTH AFFIRMATIVE DEFENSE

7

The Plaintiff's claims may be barred by the provisions of the Political Subdivision Tort Claims Act, P.L., 693, 42 Pa. C.S.A. 8541, et seq., or, in the alternative, is subject to all limitations and defenses established therein.  The Answering Defendants are entitled to rely on those defenses.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Decedent received all of the substantive and procedural due process due him.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Answering Defendants have not violated any articles of the United States Constitution or of the Commonwealth of Pennsylvania Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Answering Defendants acted within its scope of authority and, therefore, have governmental and/or official immunity or absolute or qualified immunity.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Answering Defendants are not subject to punitive damages given the facts of this case, the law, and statutory immunity.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any award given to the Plaintiff shall be offset by any public collateral source of compensation or benefits pursuant to Section 602 of the Health Care Services Malpractice Act.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim for relief may be barred and or limited by the applicable provisions of the Healthcare Services Malpractice Act and/or Medical Care Availability and Reduction of

Error Act ("MCARE").  The Answering Defendants raise each and every applicable provision of the Act as an affirmative defense.

## ANSWER TO ALL CROSSCLAIMS

The Answering Defendants deny any negligence, improper conduct or any other act asserted against it by any Crossclaims filed by any Co-Defendant in this matter.

**WHEREFORE**, the Answering Defendants demand dismissal of all Crossclaims together with costs and fees in this action.

## DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Thomas J. Gregory, Esquire, is hereby designated as trial counsel for Defendant Corizon Health, Inc. and its individual employee/defendants.

## TAKE NOTICE THAT THE DEFENDANT DEMANDS TRIAL BY JURY

Respectfully submitted,

**O'CONNOR KIMBALL LLP**

By: _____
Thomas J. Gregory, Esquire
Attorney I.D. No. 38104
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 564-0400        Facsimile: (215) 564-1973
Email: tgregory@okllp.com
Our File No. 210-1713
*Attorney for Defendants, Corizon Health, Inc.*
*Elizabeth Bradley, M.D., Lalitha Trivikram, M.D.,*
*and Matu Gaye, RN*

Dated: 12/1/20

9

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EILEEN A. McNAMARA, as Administrator of the :
of the ESTATE OF JOHNATHAN GLEAVES, JR. :
          v.                 :
CITY OF PHILADELPHIA; CORIZON HEALTH, :       NO. 20-CV-4570
GERALD SLORY, ELIZABETH BRADLEY,     :
LALITHA TRIVIKRAM, MATU GAYE, and    :
JOHN DOE(S)                         :

## CERTIFICATE OF SERVICE

I, Thomas J. Gregory, Esquire, hereby certify that I caused a true and correct copy of the forgoing Answer to Plaintiff's Complaint to be electronically filed on this *2nd* day of December, 2020, and thereby served via the Court's ECF Electronic Filing System upon the following:

Jonathan H. Feinberg, Esquire
Kairys Rudovsky Messing & Feinberg, LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
jfeinberg@krlawphila.com
*Attorney for Plaintiff*

Anne B. Taylor, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
anne.taylor@phila.gov
*Attorney for Defendants, City of Philadelphia and Correction Officer Gerald Slory*

**O'CONNOR KIMBALL LLP**

By: _____
Thomas J. Gregory, Esquire
Attorney I.D. No. 38104
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
(215) 564-0400       Facsimile: (215) 564-1973
Email: tgregory@okllp.com
Our File No. 210-1713
*Attorney for Defendants, Corizon Health, Inc. Elizabeth Bradley, M.D., Lalitha Trivikram, M.D., and Matu Gaye, RN*