## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EILEEN A. MCNAMARA, as **Administrator of the ESTATE OF JONATHAN GLEAVES, JR.,**      **Plaintiff,**      v.      **CITY OF PHILADELPHIA; CORIZON HEALTH; GERALD SLORY; ELIZABETH BRADLEY; LALITHA TRIVIKRAM; MATU GAYE; JOHN DOE(S),**      **Defendants.** | **No. 2:20-cv-04570-RBS** |

## JOINT CASE REPORT

The parties, upon consultation pursuant to Fed. R. Civ. P. 26(f), submit the following Joint Case Report:

**Facts of the Case, Causes of Action, and Basis for Jurisdiction**

*Plaintiff's Account*

Plaintiff Eileen McNamara is the Administrator of the Estate of Jonathan Gleaves, Jr., who died on September 21, 2018, less than 24 hours after his admission to the Philadelphia Department of Prisons. Mr. Gleaves, who was 33 years old, had a history of substance abuse issues, which he described to medical personnel on his admission. The defendants were, therefore, aware that Mr. Gleaves was at risk of serious medical complications and required close monitoring and attention. Despite that awareness, the defendants failed to take precautions to protect Mr. Gleaves. In the early morning hours of September 21, Mr. Gleaves' cellmate noticed that Mr. Gleaves appeared to be experiencing severe pain and discomfort as he was constantly

moaning.  He then grew quiet and was making no sounds whatsoever.  Mr. Gleaves' cellmate attempted to summon assistance by pressing the alarm button in the cell.  Activation of that button is supposed to alert correctional officers of an emergency issue, but, because officers either had turned off the alarm system or ignored the alarm, no officers responded to provide assistance.

By time officers finally opened Mr. Gleaves' cell door, hours after Mr. Gleaves' cellmate had attempted to summon assistance, Mr. Gleaves was found laying in his bed, unable to speak, with a foamy substance around his mouth.  Notwithstanding this obvious sign of a medical emergency, the defendants delayed efforts to provide assistance for Mr. Gleaves.  By the time Mr. Gleaves was taken out of the facility to a community hospital, diagnostic testing showed that he had suffered an apparent stroke-like condition, which was tied to his ingestion of drugs.  That afternoon, Mr. Gleaves' heart stopped, and he was pronounced dead.

In the Complaint, plaintiff brings civil rights claims under 42 U.S.C. § 1983 seeking compensatory and punitive damages.  Plaintiff asserts that the defendants were deliberately indifferent to Mr. Gleaves' serious medical needs under the Eighth and/or Fourteenth Amendments and that the entity defendants, the City of Philadelphia and Corizon Health, caused these constitutional violations through their deliberate indifference to the need to train, supervise, and discipline their employees.  The Court has jurisdiction over these claims under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

*Account of Defendants Corizon Health Inc., Bradley, Trivikram and Gaye*

The decedent was medically screened on September 20, 2018 at approximately 7:00 pm, by RN Matu Gaye.  The decedent was not intoxicated at the time;  he was able to accurately report on his medical history and his habitual drug usage. Due to his reported history of recent

2

drug usage, he was assessed for narcotic withdrawal (by way of the COWS and BWS protocols) which revealed mild withdrawal symptoms.  He was administered withdrawal comfort medications and discharged from medical.  The treatment administered was thoroughly appropriate.  There was no further encounter with the decedent scheduled or required until the following day, at which time his withdrawal condition would have been reevaluated.  During the overnight hours, however, the decedent suffered a stroke which led to his death.

*Account of City of Philadelphia and Correctional Officer Slory*

After having been medically screened, the decedent was housed on the unit shortly before one o'clock in the morning on September 21, 2018.  Routine unit tours were performed in the housing unit, and several other inmates arrived and departed the housing unit during that time period.  Approximately seven hours after decedent arrived on the housing unit, his cellmate alerted touring correctional officers to the decedent's need for medical care, at which time a stretcher call was placed and the decedent was provided emergent medical care.

**Statement of Defenses Asserted**

Neither Corizon nor the individual Corizon employees were negligent or deliberately indifferent to the decedent's medical needs.

Correctional Officer Gerald Slory at all times carried out his duties in a proper and lawful manner, and the City of Philadelphia did not have any policy, practice, or custom that was the moving force behind a constitutional violation.

**Initial Disclosures**

All parties will serve initial disclosures on or before December 17, 2020.

**Discovery Timeline**

The parties anticipate completing all discovery, including expert discovery, on or before

July 31, 2020.

**Joining of Parties**

Absent the proper identification of John Doe defendants, which plaintiff will explore in

preliminary discovery, the parties believe that all necessary parties have been joined.

**Settlement Negotiations**

Counsel have had preliminary settlement negotiations and expect to have more formal

negotiations by the close of discovery.

**Counsel Participating in the Scheduling Conference**

Plaintiff will be represented in the Scheduling Conference by:

> Jonathan H. Feinberg
> KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN LLP
> 718 Arch Street, Suite 501 South
> Philadelphia, PA 19106
> 215-925-4400
> jfeinberg@krlawphila.com

The Corizon defendants will be represented in the conference by:

> Thomas J. Gregory
> O'Connor Kimball, LLP
> 1500 John F. Kennedy Blvd.
> Suite 1100
> Philadelphia, PA  19102
> 215-564-0400
> tgregory@okllp.com

The City defendants will be represented in the conference by:

> Anne B. Taylor
> Chief Deputy City Solicitor
> CITY OF PHILADELPHIA LAW DEPARTMENT
> 1515 Arch Street, 14th Floor
> Philadelphia, PA 19102-1595

4

215-683-5381
anne.taylor@phila.gov

Respectfully submitted,

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
KAIRYS, RUDOVSKY, MESSING
   FEINBERG & LIN LLP
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
215-925-4400
jfeinberg@krlawphila.com

*Counsel for Plaintiff*

/s/ Anne B. Taylor
Anne B. Taylor
Chief Deputy City Solicitor
CITY OF PHILADELPHIA LAW DEPARTMENT
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
215-683-5381
anne.taylor@phila.gov

*Counsel for Defendant City of Philadelphia
and Slory*

/s/ Thomas J. Gregory
Thomas J. Gregory
O'CONNOR KIMBALL LLP
Two Penn Center, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
215-564-0400
tgregory@okllp.com

*Counsel for Defendants Corizon Health, Inc.,
Bradley, Trivikram, and Gaye*


*Counsel for Defendants*

5