**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EILEEN A. MCNAMARA, as** | : | |
| **Administrator of the ESTATE** | : | |
| **OF JONATHAN GLEAVES, JR.,** | : | |
| | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | **No. 20-cv-04570** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.,* | : | |
| | : | |
| *Defendants*. | : | |

**DEFENDANTS CITY OF PHILADELPHIA AND CORRECTIONS OFFICER
SLORY'S REPLY IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT**

Defendants City of Philadelphia (the "City") and Corrections Officer Gerald Slory

(collectively, the "City Defendants"), by and through undersigned counsel, hereby file this Reply

in Support of the Motion for Summary Judgment.

**I.      INTRODUCTION**

Plaintiff Eileen McNamara, as Administrator of the Estate of Jonathan Gleaves, Jr.,

asserted claims against the City Defendants arising in connection with Gleaves' detention and

eventual death at the Curran Frumhold Correctional Facility ("CFCF") in Philadelphia. On January

31, 2023, the City Defendants filed their Motion for Summary Judgment (ECF No. 38). Defendant

Slory sought judgment in his favor on Plaintiff's claim that Defendant Slory violated Gleaves'

Eighth and Fourteenth Amendment rights under the United States Constitution because he was

deliberately indifferent to Gleaves' serious medical condition. The City sought judgment in its

favor on Plaintiff's claim that the City was liable under *Monell v. Dep't of Social Services of New York*, 436 U.S. 658 (1978).

On February 28, 2023, Plaintiff filed her Response to the Motion for Summary Judgment (ECF No. 42). Plaintiff's Response fails to point to any admissible evidence which creates a genuine issue of material fact as to whether Defendant Slory was deliberately indifferent to the serious medical distress of Gleaves under the Eighth and Fourteenth Amendments. In response to the City's arguments on Plaintiff's *Monell* count, Plaintiff withdrew her claim of *Monell* liability. Resp. at 3 n.1.  As such, this issue is now moot, and the City Defendants address only the portion of the Motion for Summary Judgment seeking judgment on the Eighth and Fourteenth Amendment claims against Defendant Slory.

## II.    ARGUMENT

A plaintiff seeking to prevail on a Fourteenth Amendment claim for deliberate indifference to their medical needs must prove two separate prongs: (1) the existence of objective evidence that the plaintiff had a serious need for medical care; and (2) that the defendant was subjectively aware of a substantial risk of harm to the plaintiff but deliberately chose to take no action despite that awareness. *See e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *Fox v. Horn*, No. 98-5279, 2000 WL 49374, at **3-4 (E.D. Pa. Jan. 21, 2000).

By way of footnote, Plaintiff argues that the second prong should be evaluated from an objective, rather than a subjective, standard. Although Plaintiff correctly notes that the Supreme Court in *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015), decided that excessive force claims of pretrial detainees should be measured by objective reasonableness, this Circuit has not adopted *Kingsley's* holding in the context of a deliberate indifference to medical needs case, and

continues to apply the traditional two-prong standard requiring defendants to have subjective knowledge of a plaintiff's serious medical need in order to be liable. *See e.g., Mattern v. City of Sea Isle*, 657 F. App'x 134, 138-40 (3d Cir. Aug. 24, 2016); *Bell v. Lindsay*, 116 F. Supp.3d 511, 516 (E.D. Pa. 2015). Beyond this Circuit, decisions applying this standard to Fourteenth Amendment claims outside the excessive force context are few and far between. Numerous other courts, however, have specifically considered *Kingsley* and rejected its application, particularly in the context of claims for deliberate indifference to medical needs. *See e.g., Nam Dang v. Sheriff, Seminole County Fl.*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) (refusing to reach question of whether to apply *Kingsley* applied to the plaintiff's deliberate indifference to medical needs claim, in part because *Kingsley* involved an excessive force claim, rather than a claim for deliberate indifference to medical needs and was thus not "squarely on point"); *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 n.4 (5th Cir. 2017) (noting that because Fifth Circuit Court of Appeals has continued "to apply a subjective standard post-*Kingsley*, this panel is bound by our rule of orderliness."); *Turner v. Helder*, No. 16-5297, 2017 WL 6806799, at *7 n.2 (W.D. Ark. Nov. 30, 2017) (explicitly declining to adopt *Kingsley* in favor of existing "Eighth Circuit precedent."); *Harding v. Casaus*, No. 15-316, 2016 WL 8711400, at *7 n.14 (W.D. Ok. Apr. 22, 2016) ("But the *Kingsley* decision did not address the standard applicable to a pretrial detainee's denial of medical care claim and, therefore, the Court follows existing Tenth Circuit precedent as to the appropriate standard governing such a claim.").

Notwithstanding Plaintiff's invitation to do so, there is no basis to apply the *Kingsley* standard to the facts at hand in this case. This Court should be guided by Third Circuit decisions and those of sister Circuits and apply the two-prong subjective awareness standard to the facts of this case. For the reasons set forth below, Plaintiff has failed to meet this two-prong standard.

**A. Plaintiff Cannot Establish the Subjective Deliberate Indifference of Defendant Corrections Officer Slory to Gleaves' Medical Needs**

Plaintiff's arguments as to the alleged deliberate indifference of Defendant Slory should be rejected. Plaintiff cites a number of non-precedential and distinguishable cases in an attempt to create theories of liability not supported by caselaw. Although circumstantial evidence can—in certain instances—give rise to a finding of subjective deliberate indifference, the cases Plaintiff cites make clear that this is only the case in the extreme circumstance where "the excessive risk was *so obvious* that the official must have known of the risk" or when the record evidence demonstrates that a defendant *actually knew* of a risk of harm. *See Woloszyn v. City of Lawrence*, 396 F.3d 314, 321 (3d Cir. 2005) (emphasis added). Accordingly, in order to prevail on a claim for deliberate indifference to a serious medical need, a plaintiff must adduce record evidence of the official's knowledge of the risk of harm to the plaintiff or decedent.

Plaintiff first incorrectly argues that a violation of prison policy provides circumstantial evidence that create an issue of fact as to deliberate indifference. The two cases Plaintiff cites for this principle, however, are inapposite. *See Phillips v. Roane Cty.*, 534 F.3d 531 (6th Cir. 2008); *Mata v. Saiz*, 427 F.3d 745 (10th Cir. 2005). In those cases, the facts giving rise to a plausible deliberate indifference finding were not the policy violations; they were the underlying facts as to the defendants' conduct which could give rise to liability irrespective of whether a policy or protocol was violated or not. *See Phillips*, 534 F.3d at 540-43 (correctional officers failed to take inmate to the emergency room for complaints of chest pain, even after she had vomited blood and had swelling, lethargy, nausea and at one point had been found unconscious in her cell with no detectable pulse); *Mata*, 427 F.3d at 755-59 (inmate specifically requested medical care from prison nurse because she was having severe chest pains and, instead of sending inmate to hospital,

prison nurse told her there was nothing she could do until morning because the infirmary was closed).

In those cases, the defendants' conduct alone (*i.e.*, failing to take inmate to emergency room despite numerous public displays of serious medical issues and failure to provide any treatment for inmate despite complaints of severe chest pain) would almost certainly create an issue of genuine material fact irrespective of any policy violation. Where, as here, the claim is that a defendant corrections officer should have been aware of a plaintiff's illness but was not as a result of non-compliance with proper procedures, there is not a cognizable claim. *Fox*, 2000 WL 49374, at *4.

Plaintiff also contends that Defendant Slory's alleged "false testimony" is evidence of his culpability. Resp. at 17. Plaintiff cites cases which pertain to circumstances where exculpatory statements or evidence were falsely made or intentionally withheld. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000) (holding that the plaintiff employee's evidence, combined with sufficient evidence to find that the employer's asserted justification is false, may permit trier of fact to conclude employer unlawfully discriminated in violation of the Age Discrimination in Employment Act); *United States v. Berrios*, 443 F. Supp. 408, 410 (E.D. Pa. 1978) (in trial for charges of possessing and passing counterfeit currency, government sought to introduce exculpatory, false statements made by the defendant after his arrest by the Secret Service concerning where he had obtained the counterfeit currency).

Here, Plaintiff baldly concludes that Defendant Slory proffered false testimony and that this alleged false testimony creates a genuine issue as to his deliberate indifference. Resp. at 16. Plaintiff's allegations do not hold water insofar as establishing the requisite culpability of Defendant Slory because (1) even if such testimony was incorrect, there is no basis to conclude it

was intentionally false, rather than simply mistaken; and (2) the testimony does not go to the heart of the issue here, namely, whether Defendant Slory was subjectively aware that Gleaves had a serious medical issue yet deliberately chose to not address it. Even viewing the facts in a light most favorable to Plaintiff and assuming that Defendant Slory intentionally misrepresented that he conducted regular tours through his shift when he did not, it was not false in any material way with respect to whether he exhibited deliberate indifference to Gleaves' medical needs.

Further, Plaintiff's contention that the hearsay testimony of Gleaves' cellmate, Tyrone Thomas, establishes that Defendant Slory was deliberately indifferent to Gleaves' medical needs is misplaced. Resp. at 13. Even assuming the statements made by Thomas meet an exception to hearsay and are admissible at the summary judgment stage, the statements do not demonstrate that Defendant Slory knew of and then disregarded an excessive risk to Gleaves' health.

Corrections Officer Wilson and Corrections Officer T. Jones were the only two persons deposed who heard Thomas say anything about the incident. Officer Wilson testified that Thomas said that he called for an officer to come get Gleaves from their cell because Gleaves was "dope sick" and that Thomas was going to "beat [Gleaves] up" if no one came to remove him from the cell. Ex. H, Wilson Dep. Tr. 62:10-14; 82:18-25. According to Officer Wilson, Thomas told her that he had pressed the button to try and alert Defendant Slory, but Defendant Slory did not respond.[1] *Id.* 80:16-19, 81:4-8. Officer Wilson testified that Thomas did *not* say that he asked an officer for assistance because Gleaves was having a medical emergency. *Id.* 81:22-25; 82:1-5. Rather, Officer Wilson explained that Thomas told her that he wanted an officer to remove Gleaves from his cell "[be]cause of how [Gleaves] was acting, *not that….anything was wrong with him*."

---

[1] In a statement provided to a detective, Thomas stated that he pressed the button just one time, around 5:00 am, and it did not beep so he did not know whether the button worked. Ex. I, T. Jones Dep. Tr. 61-62.

*Id.* 79 (emphasis added). Indeed, Officer Wilson testified that, based on Thomas's statements regarding Gleaves, Defendant Slory "had no idea what was going on with Mr. Gleaves." *Id.* 83:1-8. Officer T. Jones testified at her deposition that Thomas told her "[h]e had been trying to get help all night and nobody came." Ex. I, T. Jones Dep. Tr. 15:19-22. Officer T. Jones further stated that Thomas told her that Gleaves was sick and that "he was banging on the door all night" but no one ever came. *Id.* 18-19.

Plaintiff relies on the opinion in *Adami v. Cty. Of Bucks*, No. 19-cv-2187, 2022 WL 1073072 (E.D. Pa. Apr. 8, 2022), and the above hearsay statements of Thomas, to contend that the City Defendants' Motion for Summary Judgment should be denied. According to Plaintiff, the *Adami* Court's "reliance on the *expectations* of the decedent's cellmate that an officer had to have known of the decedent's symptoms precisely mirrors [Plaintiff's] claim regarding Officer Terrelle Jones' *expectations* that defendant Slory could not have observed Gleaves sleeping comfortably at 6:56 am, but, instead, had to have seen evidence of Gleaves' medical deterioration." Resp. at 18 n.11 (emphasis in original).

As an initial matter, this misconstrues Officer T. Jones' testimony. Officer T. Jones did not testify that Defendant Slory "had to have seen…Gleaves' medical deterioration." Whether or not Defendant Slory "had to have seen" Gleaves in any kind of medical distress was not the question pending to the officer. Indeed, Officer T. Jones did not provide testimony on when Gleaves' medical distress began as she would have had no way of knowing this fact since she did not arrive for her shift that day until 7:00 am. Rather, Officer T. Jones testified that she would have expected that Officer Slory would have seen Gleaves at the end of his shift. *See e.g.,* Ex. I, T. Jones Dep. Tr. 35-36 (Q: "So your expectation is that Officer Slory would have conducted the tour and seen Mr. Gleaves a few minutes before you did your tour; is that correct?" A: "Yes.").

Further, even assuming Plaintiff set forth sufficient evidence showing that Defendant Slory may have been aware of facts which could cause him to infer that there was a substantial risk of harm to Gleaves, this is still not enough. "According to *Farmer*, defendants have to be aware of the facts which cause one to infer that a substantial risk of harm exists, and *actually make the inference*." *Fox*, 2000 WL 49374, at *4 (emphasis added) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Here, Plaintiff has not set forth evidence—as she must—that Defendant Slory actually made the inference that Gleaves faced substantial risk of serious harm and then deliberately ignored helping him. For this reason, her claim fails. *See e.g., Fox*, 2000 WL 49374, at *4 (granting summary judgment against the plaintiff on his Eighth Amendment deliberate indifference claim even where the plaintiff presented evidence that he and his fellow inmates attempted to call officers to his cell because the plaintiff "c[ould] not provide any evidence that the two Correction Officers knew of [the plaintiff's] condition and ignored the diagnosis."); *Wichterman v. City of Philadelphia*, No. 16-5796, 2019 WL 3216609, at *8-9 (E.D. Pa. July 16, 2019) (granting summary judgment against the plaintiff on his Fourteenth Amendment deliberate indifference claim based on finding that even where prison nurse conducted required rounds but failed to turn his head to look into the plaintiff's cell and thus failed to properly check on the plaintiff, "his failure to do so would only mean he did not see Wichterman unconscious in his cell, it would not be evidence that he was aware of Wichterman's serious medical need.").

III.    CONCLUSION

For the foregoing reasons, the City Defendants respectfully request that this Court grant the Motion for Summary Judgment and enter judgment in their favor.

Respectfully submitted,

/s/ Katelyn Mays

Katelyn Mays, Esquire
Attorney ID No: 324246
**Ahmad Zaffarese LLC**
One South Broad Street, Suite 1810
Philadelphia, PA 19107
215-496-9343
215-496-9419 (fax)
kmays@azlawllc.com

Dated:  March 7, 2023

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **EILEEN A. MCNAMARA, as** | : | |
| **Administrator of the ESTATE** | : | |
| **OF JONATHAN GLEAVES, JR.,** | : | |
|  | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
|  | : | **No. 20-cv-04570** |
| **v.** | : | |
|  | : | |
| **CITY OF PHILADELPHIA,** *et al.,* | : | |
|  | : | |
| *Defendants.* | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed the foregoing Reply in Support of the Motion for Summary Judgment on the Court's ECF Site and the same is available for viewing and downloading on the Court's ECF system.

*/s/ Katelyn Mays*
Katelyn Mays, Esquire
Attorney ID No: 324246
**Ahmad Zaffarese LLC**
One South Broad Street, Suite 1810
Philadelphia, PA 19107
215-496-9343
215-496-9419 (fax)
kmays@azlawllc.com

Dated: March 7, 2023