THOMAS J. GREGORY
tgregory@okllp.com

LAW OFFICES
**O'CONNOR KIMBALL, LLP**
TWO PENN CENTER PLAZA, SUITE 1100
1500 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA  19102
(215) 564-0400
FAX (215) 564-1973

WEBSITE: www.oconnorkimball.com

NEW JERSEY OFFICE
51 HADDONFIELD ROAD, SUITE 330
CHERRY HILL, NJ 08002
(856) 663-9292
FAX (856) 663-6566

March 27, 2023

**VIA EMAIL:** Tashia_Reynolds@paed.uscourts.gov
The Honorable R. Barclay Surrick
United States District Court
601 Market Street
Philadelphia, PA 19106

    Re:    *Eileen McNamara, as Administrator of the Estate of Johnathan Gleaves v. City of Philadelphia, et al.*
            U.S.D.C. for the E.D. PA, No. 2:20-cv-04570
            Our File No.: 210-1713

Dear Judge Surrick:

    I represent Corizon Health and its employees, Dr. Elizabeth Bradley, Dr. Lalitha Trivikram, and Nurse Matu Gaye in this matter.  I write to the court regarding the status of the caser in light of the ongoing bankruptcy of Corizon Health, Inc.

    The parties are submitting a joint status report to the court today which accurately states that among the four parties named above, (Corizon, Bradley, Trivikram, and Gaye) it is only Corizon which is in bankruptcy proceedings.  Counsel for the plaintiff desires that the remainder of the parties, including the City defendants, be required to proceed to trial.

    While counsel is certainly procedurally correct that the bankruptcy of Corizon does not provide the protection of a stay as to the others, I feel the need to point out to the court the practical difficulties which will ensue should the individuals be forced to trial prior to the resolution of the Corizon bankruptcy.   Each of the three named individuals is a salaried employee of Corizon.  As such, each are entitled to the provision of a defense and indemnity from their employer.  None of the individuals has any individual insurance coverage; rather, each individual falls under the umbrella of the protection provided to them by their employer.  Each are guaranteed the provision of a defense and indemnity by Corizon for any and all employment-related claims.   It is clear that such cannot be provided to them by Corizon at the present time.

    Should the court determine the need for the case to proceed against the individuals, its order would be contrary to orders issued by virtually every other Eastern District judge in similar situations;  in nearly every other extant active matter in which Corizon is a defendant along with one or more employees, Eastern District judges have nearly uniformly ordered matters stayed as

The Honorable R. Barclay Surrick
March 27, 2023
Page 2

to all parties for all purposes. Should this Honorable Court decide that the plaintiff's claims against these individual defendants proceed, these defendants will then have interests adverse to their own employer, since they will need to file motions with the court to permit them to file crossclaims against their own employer claiming entitlement to a defense and indemnity. At that point, counsel will need to be replaced due to the obvious resultant conflict.

In addition, since the individuals have no personal professional liability insurance coverage, forcing them to trial would be severely prejudicial, especially insofar as it will be cripplingly expensive. Such a determination certainly could lead to personal bankruptcies on their part.

Your Honor, it is clear that requiring the individuals to defend themselves at this point would result in great prejudice to these individuals, and it is respectfully requested that you order the matter stayed in all respects.

Respectfully,

**O'CONNOR KIMBALL LLP**

*Thomas J. Gregory*
Thomas J. Gregory

TJG:amb
cc:   Jonathan H. Feinberg, Esquire (via e-mail: jfeinberg@krlawphila.com)
      Anne B. Taylor, Esquire (via e-mail: anne.taylor@phila.gov)
      Katelyn Lori Mays, Esquire (via email: kmays@azlawllc.com)