IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EILEEN A. MCNAMARA, as Administrator of the ESTATE OF JONATHAN GLEAVES, JR.,** | : : : : | |
| **Plaintiff,** | : : | |
| **v.** | : : | **No. 2:20-cv-04570-RBS** |
| **CITY OF PHILADELPHIA; CORIZON HEALTH; GERALD SLORY; ELIZABETH BRADLEY; LALITHA TRIVIKRAM; MATU GAYE; JOHN DOE(S),** | : : : : : : | |
| **Defendants.** | : : | |

**Joint Status Report Regarding Bankruptcy Proceedings**

As directed in the Court's March 8, 2023, Order (ECF 44), plaintiff and defendants City

of Philadelphia and Gerald Slory ("the parties"), through the below designated counsel, provide

this status report regarding the impact on this action of the bankruptcy proceedings captioned *In*

*re Tehum Care Servs., Inc.*, No. 23-90086 (Bankr. S.D. Tex.) and the automatic stay provisions

of 11 U.S.C. § 362(a).[1]

The parties agree that all proceedings against defendant Corizon Health, are stayed under

§ 362(a).  With respect to claims against defendants City of Philadelphia,[2] Gerald Slory,

Elizabeth Bradley, Lalitha Trivikram, and Matu Gaye, however, the parties agree that those

---

[1] Defendants Corizon Health, Elizabeth Bradley, Lalitha Trivikram, and Matu Gaye were invited to contribute to this status report but did not do so. Instead, counsel for these defendants submitted a letter to the Court. ECF 45.

[2] In plaintiff's response to the City defendants' motion, plaintiff indicated her consent to the dismissal of claims against the City.  ECF 42 at 3 n.1.  The only remaining claims against the City defendants are, therefore, those brought against defendant Slory.

claims are not subject to the stay.  In support of that position, the parties provide the following explanation:

### Background

Tehum Care Services, Inc. ("TCS") is a successor entity to Defendant Corizon Health, Inc. ("Corizon"). According to representations of TCS to the Bankruptcy Court, in May 2022, Corizon executed a series of transactions allocating to TCS a significant portion of Corizon's liabilities. On February 13, 2023, TCS filed a petition for chapter 11 relief with the Bankruptcy Court. The chapter 11 petition TCS initiated case no. 23-90086, which is currently pending before the Bankruptcy Court.

On February 17, 2023, TCS filed with the Bankruptcy Court a motion to extend the automatic stay to certain non-debtor entities (the "Stay Extension Motion"). After objections from several parties, including plaintiff Eileen McNamara,[3] TCS submitted a revised proposed order to the Bankruptcy Court specifying the particular actions and parties with respect to which TCS sought to extend the automatic stay (the "Revised Proposed Stay Order"). TCS did not include this case or the defendants in this litigation on the Revised Proposed Stay Order.

The Bankruptcy Court held a hearing on the Stay Extension Motion on March 3, 2023. The Bankruptcy Court declined to rule on the merits of the Stay Extension Motion at the March 3 hearing, and instead entered an order (the "Bankruptcy Court Order") implementing a temporary stay under 11 U.S.C. § 105 with respect to the actions listed in the Revised Proposed

---

[3] Counsel for Ms. McNamara has retained bankruptcy counsel to represent Ms. McNamara's interests in the bankruptcy proceedings. Bankruptcy counsel has consulted with counsel for Ms. McNamara regarding the matters presented in this status report.

Stay Order and attached to the Bankruptcy Court Order.[4] Again, the Bankruptcy Court Order specified that the stay was being extended only to the litigation claims indicated in the order, which did not include the claims of Ms. McNamara against the City of Philadelphia or other defendants in this litigation. A copy of the Bankruptcy Court Order is attached hereto as Exhibit A. The Bankruptcy Court indicated at the March 3 hearing that TCS was required to file an additional motion if it sought to extend the automatic stay to any party in addition to the parties indicated in the Bankruptcy Court Order. No motion seeking to extend the stay to this action or with respect to defendants City of Philadelphia, Slory, Bradley, Trivikram, and Gaye has been filed in the Bankruptcy Case.

### *Effect of the Bankruptcy Case on this Action*

Bankruptcy Code § 362 provides that the filing of a bankruptcy petition creates an automatic stay of, among other things, civil actions against the bankrupt debtor. Under the plain language of section 362, however, the automatic stay does *not* prohibit the continuation of actions against non-debtors. Under the law of the Fifth Circuit—which arguably governs the automatic stay that is under the authority and jurisdiction of the Bankruptcy Court—extension of the automatic stay to non-debtors requires an order of the bankruptcy court implementing such a non-debtor stay. *E.g.*, *Cmty. Home Fin. Servs., Inc. v. Edwards Fam. P'ship, LLP*, 2013 WL 1336505, at *2 (S.D. Miss. Mar. 29, 2013) ("The Fifth Circuit has repeatedly held that section 362 does not automatically apply to non-debtors.") (citing *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007); *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003); *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147-48 (5th Cir. 1987). The

---

[4] The relief sought by the TCS in the Stay Extension Motion, as revised by the Revised Proposed Stay Order, is set for hearing on May 17, 2023. As indicated, however, TCS is not seeking to extend the automatic stay with respect to this lawsuit.

bankruptcy court must affirmatively extend section 362 protections to non-debtors, and until it does, the action against the non-debtor may proceed. *Id.* (citing *Everitt v. Pneumo Abex, LLC*, 703 F.Supp.2d 630, 637-38 (S.D. Miss. 2009)).

This is in line with caselaw from the Eastern District of Pennsylvania. As discussed in *In re Philadelphia Newspapers LLC*, 410 B.R. 404 (Bankr. E.D. Pa. 2009), *aff'd*, 423 B.R. 98 (E.D. Pa. 2010), section 362 is limited in its effect to debtors in bankruptcy, subject to the bankruptcy court's power to issue an injunction extending the automatic stay to non-debtors. *Id.* at 412. Just like in the Fifth Circuit, the automatic stay does not apply to non-debtors absent an affirmative decision of the relevant bankruptcy court to extend the stay in this district.

Here, the automatic stay created by the Bankruptcy Case has not been extended to the Non-Debtor Defendants. The Bankruptcy Court Order was specific and limited with respect to the actions affected. This limitation was negotiated by counsel for Ms. McNamara and agreed to by TCS. And TCS is not even currently seeking to have the automatic stay extended to the Non-Debtor Defendants in this case. The filing of the Bankruptcy Case therefore does not prevent this case from proceeding with respect to the Non-Debtor Defendants.

Moreover, this case should proceed with respect to the Non-Debtor Defendants. The motion for summary judgement by defendants City of Philadelphia and Slory has been fully briefed and presented to the Court for decision. Further, the causes of action against defendants Bradley, Trivikram, and Gaye can be litigated separately from any cause of action against Corizon. While plaintiff's claims against Corizon should not continue absent relief from the automatic stay, there is no need to delay justice with respect to the Non-Debtor defendants.

Plaintiff reserves her rights with respect to whether Corizon's liabilities from this action were properly allocated to TCS and therefore subject to the automatic stay. Plaintiff anticipates

4

conducting additional investigation into this issue. Subject to plaintiff's ability to seek relief from the automatic stay from the Bankruptcy Court, however, plaintiff does not at this time dispute that the automatic stay prevents continuing this litigation with respect to Corizon.

Respectfully submitted,

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
Kairys, Rudovksy, Messing,
  Feinberg & Lin LLP
718 Arch Street, Suite 501 South
Philadelphia, PA 19106

*Counsel for Plaintiff*

/s/ Katelyn Mays
Katelyn L. Mays
Ahmad Zaffarese LLC
One South Broad Street, Suite 1810
Philadelphia, PA 19107

*Counsel for Defendants City of Philadelphia and Gerald Slory*

# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
March 03, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| TEHUM CARE SERVICES, INC., | ) |
|  | ) Case No. 23-90086 (CML) |
|  | ) |
| Debtor. | ) **Re: Docket No. 7** |
|  | ) |

**ORDER REGARDING DEBTOR'S EMERGENCY MOTION
TO EXTEND AND ENFORCE THE AUTOMATIC STAY**

Pursuant to Section 105(a) of the Bankruptcy Code, and for the reasons stated on the record at the March 3, 2023 hearing (including preserving the rights of affected parties and preserving estate assets), the Court temporarily extends the automatic stay to the litigation claims on the attached Exhibit 1 through May 18, 2023.

The Court will conduct an evidentiary hearing to consider the relief requested in the Debtor's Motion to Extend and Enforce the Automatic Stay (Docket No. 7) on May 17, 2023 at 1:00 p.m. (Central Time). Objections to the Motion must be filed by April 3, 2023. The Debtor must file any reply to objections by April 24, 2023.

Signed: March 03, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

## **Exhibit 1**

| Case Caption | Indemnified Clients | Non-Debtor Affilates | Indemnified D&Os / Employees |
|---|---|---|---|
| *Edmo v. Corizon Inc. et al.*, No. 1:17-cv-00151-BLW<br>U.S. District Court for the District of Idaho | Idaho Department of Corrections | | |
| N/A (Tort Claim Notice of Alex Scott) | Idaho Department of Corrections | | |
| *Lyles v. Papendick et al.*, No. 2:19-cv-10673-LJM-KGA<br>U.S. District Court for the Eastern District of Missouri | | YesCare Corp.<br>CHS TX, Inc. | |
| *Wolf v. Tewalt, et al.*, No. 1:21-cv-00226-BLW<br>U.S. District Court for the District of Idaho | Rona Seigert<br>(Idaho DOC employee) | | |
| *Branum v. City of Phoenix, et al*, No. 4:21-cv-00357-RM<br>U.S. District Court for the District of Arizona | David Shinn,<br>Arizona DOC Director | | |
| N/A (Tort Claim Notice of Bradley Armstrong) | Idaho Department of Corrections | | |
| *Cameron Regional Medical Center, Inc v. Corizon Health, Inc., et al.*, No. 5:22-cv-6122<br>U.S. District Court for the Western District of Missouri | | YesCare Corp.<br>CHS TX, Inc. | |
| *Belcher v. Tewalt, et al.*, No. 1:21-cv-00393-BLW<br>U.S. District Court for the District of Idaho | Rona Seigert<br>(Idaho DOC employee) | | |
| *Belcher v. Grace, et al.*, No. 1:22-cv-00256-BLW<br>U.S. District Court for the District of Idaho | Rona Seigert<br>(Idaho DOC employee) | | |
| *Curators of the Univ. of Missouri et al. v. Tehum Care Servs., Inc., et al.*, No. 23-04005<br>U.S. Bankruptcy Court for the Western District of Missouri<br>(*removed from* the Circuit Court of Boone County, Mo., Div. 4, No. 22BA-CV01701-01) | | YesCare Corp.<br>CHS TX, Inc. | |
| *Capitol Eye Care Inc. v. Tehum Care Services Inc.*, No. 22AC-CC07354<br>Circuit Court of Cole County, Missouri | | YesCare Corp.<br>CHS TX, Inc. | |
| *Brightly v. Corizon Health Inc., et al.*, No. 4:21-cv-127-JCH-PSOT<br>U.S. District Court for the District of Arizona | David Shinn,<br>Arizona DOC Director | | |
| *Mintun v. Corizon Health Inc., et al.*, No. 1:21-cv-00124-BLW<br>U.S. District Court for the District of Idaho | Rona Seigert<br>(Idaho DOC employee) | | |
| *Stenberg v. Corizon Health, Inc., et al.*, No. 4:20-cv-10674<br>U.S. District Court for the Eastern District of Michigan | | YesCare Corp.<br>CHS TX, Inc. | Patricia Schmidt |
| *Halo Branded Solutions, Inv. v. Corizon Health Inc., et al.*, No. 2023LA000124<br>Circuit Court of 18th Judicial Circuit Court of Illinois | | YesCare Corp.<br>CHS TX, Inc. | |
| *Bernstein v. Corizon Health Inc. et al.*, No. 18PI-CC00022<br>Circuit Court of Pike County, Missouri | Missouri Department of Corrections | | |
| *Hyman v. YesCare Corp. et al.*, No. 3:22-cv-01081<br>U.S. District Court for the Middle District of Tennessee | | YesCare Corp.<br>CHS TX, Inc. | Sara Tirschwell, Scott King, Isaac Lefkowitz, Abraham Goldberger, & David Gefner |
| *Wilkinson v. Corizon Medical Services, et al.*, No. 1:22-cv-00104-REP<br>U.S. District Court for the District of Idaho | Rona Seigert<br>(Idaho DOC employee) | | |
| *Snider v. Corizon Medical et al.*, No. 1:20-cv-648<br>U.S. District Court for the Western District of Michigan | | | Patricia Schmidt |
| *Estate of Milkiewicz v. Genesee County et al.*, No. 2:17-cv-13047<br>U.S. District Court for the Eastern District of Michigan | Genesee County | | |
| *K.A. et al. v. City of New York et al.*, No. 1:16-cv-04936<br>U.S. District Court for the Southern District of New York | City of New York | | Sidney Wilson |
| *Jackson v. Corizon Health Inc. et al.*, No. 2:19-cv-13382-GAD-PTM<br>U.S. District Court for the Eastern District of Michigan | | YesCare Corp.<br>CHS TX, Inc. | |
| *Miotke v. Corizon Health Inc. et al.*, No. 19-cv-47201<br>Circuit Court of Oregon, County of Multnoman | Clackamas County | | |
| *Stewart v. Ryan et al.*, No. 2:20-cv-01376-ROS-DMF<br>U.S. District Court for the District of Arizona | Charles Ryan<br>(Arizona DOC Director) | | |
| *Maxim Healthcare Staffing Servs., Inc. v. Tehum Care Servs., Inc. et al.*, No. 3:23-cv-0018<br>U.S. District Court for the Middle District of Tennessee | | YesCare Corp.<br>CHS TX, Inc. | |
| *Chapman v. Dunn et al.*, No. 2:20-cv-00007-WKW-CSC<br>U.S. District Court for the Middle District of Alabama | Jefferson Dunn, Ruth Naglich, & Mary Cooks<br>(Alabama DOC employees) | | |
| *Schroder v. Johnson, et al.*, No. 1:21-cv-00106-BLW<br>U.S. District Court for the District of Idaho | Rona Seigert<br>(Idaho DOC employee) | | |

| Case Caption | Indemnified Clients | Non-Debtor Affilates | Indemnified D&Os / Employees |
|---|---|---|---|
| *Schroder v. Zarkoff et al.*, No. 1:21-cv-00052-BLW<br>U.S. District Court for the District of Idaho | Rona Seigert<br>(Idaho DOC employee) | | |
| *Buchanan v. Tehum Care Services, Inc. et al.*, No. 4:22-cv-01361<br>U.S. District Court for the Eastern District of Missouri | | YesCare Corp.<br>CHS TX, Inc. | |
| *Coleman v. Corizon et al.*, No. 5:21-cv-13061<br>U.S. District Court for the Eastern District of Michigan | | | Patricia Schmidt |
| *Gamez v. United States, et al.*, No. 20-16180, 9th Cir. Court of Appeals<br>*(on appeal from* 2:17-cv-02044-JJT-ESW, U.S. District Court for the District of Arizona) | Charles Ryan & Richard Pratt<br>(Arizona DOC employees) | | |
| *Johnson v. Gulick et al.*, No. 2:20-cv-10147<br>U.S. District Court for the Eastern District of Michigan | | | Patricia Schmidt |
| *Blake v. Corizon et al.*, No. 22-3048, 10th Cir. Court of Appeals<br>*(on appeal from* 5:21-cv-3140-JAR-ADM, U.S. District Court for the District of Kansas) | | | Scot Yarnell |
| *Saint Alphonsus Health Sys., Inc. v. Tehum Care Servs., Inc., et al.*, No. 1:23-cv-00065<br>U.S. District Court for the District of Idaho | | YesCare Corp.<br>CHS TX, Inc. | Sara Tirschwell<br>Scott King |
| *Saint Alphonsus Health Sys., Inc. v. Tehum Care Servs., Inc., et al.*, No. 1:23-cv-00065<br>U.S. District Court for the District of Idaho | | YesCare Corp.<br>CHS TX, Inc. | |
| *St. Luke's Health System, Ltd et al v. Corizon, LLC et al.*, No. 1:18-cv-00289-DCN<br>U.S. District Court for the District of Idaho | | YesCare Corp.<br>CHS TX, Inc. | |
| *Nelson v. Corizon LLC*, et al., No. 8:19-cv-449-CEH-JSS<br>U.S. District Court for the Middle District of Florida | Florida Department of Corrections | | |
| *Hasty v. Corizon LLC et al.*, No. 2:22-cv-04054-SRB<br>U.S. District Court for the Western District of Missouri | | YesCare Corp.<br>CHS TX, Inc. | |
| *Kelly v. Corizon Health Inc. et al.*, No. 2:22-cv-10589-MAG-DRG<br>U.S. District Court for the Eastern District of Michigan | | YesCare Corp.<br>CHS TX, Inc. | |

3