**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EILEEN A. McNAMARA, as Administrator of the : <br> of the ESTATE OF JOHNATHAN GLEAVES, JR. : <br>                 v.                 : <br> CITY OF PHILADELPHIA; CORIZON HEALTH, : <br> GERALD SLORY, ELIZABETH BRADLEY, : <br> LALITHA TRIVIKRAM, MATU GAYE, and   : <br> JOHN DOE(S)                       : | NO. 20-CV-4570 |

## Joint Status Report

As directed in the Court's January 17, 2025, Order (ECF 48), the parties, through the below designated counsel, provide this status report.

On April 3, 2023, the Court stayed the case and placed it in civil suspense based on the initiation of bankruptcy proceedings in *In re Tehum Care Servs., Inc.,* No. 23-90086 (Bankr. S.D. Tex.). At that time, the Court had before it a fully briefed motion for summary judgment filed by defendants City of Philadelphia and Gerald Slory. ECF 38, 39, 42, 43.

Since that time, in view of the Court's stay, there have been no litigation activities.

On March 31, 2025, the Texas Bankruptcy Court approved  the "First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, the Official Committee of Unsecured Creditors and the Debtor, " which, *inter alia*, created a trust fund dedicated to the resolution of liability claims and ordered the renewal of a "Channeling Injunction" affecting unsecured claimants in Personal Injury and Wrongful Death ("PI/WD") matters.  The Channeling Injunction states:

> The sole recourse of any Holder of a Channeled PI/WD Trust Claim that is eligible for compensation under the PI/WD Trust Distribution Procedures on account of such Channeled PI/WD Trust Claim shall be to and against the PI/WD Trust pursuant to the PI/WD Trust Documents, and such ***Holder shall have no right to assert such Channeled PI/WD Trust Claim or any Claim . . . against any Released Party***…

> …on or after the Effective Date, and subject to the terms of Article IX.I.5, all Persons that have held or asserted, currently hold or assert, or that may in the future hold or assert, any Channeled Claim *shall be stayed, restrained, and enjoined* from taking any action for the purpose of directly, indirectly, or derivatively collecting, recovering, or receiving payment, satisfaction, or recovery *from any Released Party* with respect to any such Channeled Claim, other than from the Trusts.

The Plan defines a "Released Party" to include, among others, the "Debtor," the "Settlement Parties," and "each of their respective current and former officers, directors, managers, employees, contractors, agents, attorneys, and other professional advisors," including herein defendants Elizabeth Bradley, Lalitha Trivikram, and Matu Gaye, employees of Corizon Health, Inc.

Accordingly, the Plaintiff is enjoined from pursuing her claims against defendant Corizon Health, Inc. and these individual employees and the Channeling Injunction requires that the present stay of this matter remain in effect. Presently, all counsel await further instructions from Bankruptcy Counsel regarding the procedure by which the PI/WD funds will be administered.

Neither of the other defendants in this matter, the City of Philadelphia and Gerald Slory (an employee of the City of Philadelphia), is a "Released Party." The Plan specifies that it "shall not in any way reduce, limit, discharge or release any non-Released Party, including any Governmental Unit that may be co-liable with the Debtor on account of any Claim (including a PI/WD Claim), or any Insurance Company." The parties agree that under this provision the claims against the City of Philadelphia and Gerald Slory may proceed and that the Court may address the above-referenced fully briefed motion for summary judgment.

Consistent with this Court's Order, the parties will provide an additional status report within 90 days, or at an earlier date in the event of any final resolution of the Channeled claims and/or the bankruptcy proceedings.

**Kairys Rudovsky Messing & Feinberg, LLP**

By:    /s/ Jonathan H. Feinberg
        Jonathan H. Feinberg, Esquire
        The Cast Iron Building
        718 Arch Street, Suite 501 South
        Philadelphia, PA 19106
        *Attorney for Plaintiff*

**Ahmad Zaffarese LLC**

By:    /s/ Katelyn Lori Mays
        Katelyn Lori Mays, Esquire
        One South Broad,  19th Floor
        Philadelphia, PA 19107
        *Attorney for Defendants, City of Philadelphia and Correction Officer Gerald Slory*

**O'Connor Kimball, LLP**

By:    /s/ Thomas J. Gregory
        Thomas J. Gregory, Esquire
        Two Penn Center Plaza, Suite 1100
        1500 John F. Kennedy Boulevard
        Philadelphia, PA 19102
        *Counsel for Defendants Corizon Health, Elizabeth Bradley, Lalitha Trivikram, and Matu Gaye*