**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br><br>TEHUM CARE SERVICES, INC.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-90086 (CML) |

**NOTICE OF FAILURE TO CURE SETTLEMENT PAYMENT DEFAULT;**
**AUTOMATIC TERMINATION OF CHANNELING INJUNCTION; AND DEADLINE**
**TO COMMENCE CAUSES OF ACTION AGAINST RELEASED PARTIES**

The PI/WD Trust and the GUC Trust (together, the "Trusts") established pursuant to the *Order Confirming the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor* (Dkt. No. 2014) (the "Confirmation Order") and the *First Modified Joint Chapter 11 Plan of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor* (Dkt. No. 2014 at Ex. B) (the "Plan")[2] hereby provide notice of the failure of the Settlement Parties to cure the Settlement Payment Defaults under Article IV.B.2 of the Plan (the "Settlement Payment Default Cure Notice").

On February 25, 2026, the Trusts filed the *Notice of Settlement Payment Default and Settlement Payment Default Cure Notice* [Dkt. No. 2612] (the "Notice") and provided written notice to the Settlement Parties' counsel in accordance with Article IV.B.2 of the Plan, that the Settlement Parties have failed to make the following Installment Settlement Payment within the applicable payment date, within a "grace period" of five (5) Business Days from such date: Installment Settlement Payment due on February 17, 2026 in the amount of $2,012,022.75. *See* Dkt. No. 1955-4; Dkt. No. 2602-1.

Pursuant to the Notice and the Plan, the Settlement Parties were required to cure the Settlement Payment Default within five (5) Business Days of the filing of the Notice, or Wednesday, March 4, 2026 (the "Settlement Payment Cure Period"). The Settlement Parties did not make the missed Installment Settlement Payment within the Settlement Payment Cure Period.

**PLEASE TAKE NOTICE THAT, AS OF MARCH 5, 2026, ALL PLAN INJUNCTIONS, STAYS, OR RELEASES PROVIDED IN FAVOR OF THE RELEASED PARTIES THAT WERE IN EFFECT UNDER THE PLAN ARE DEEMED TERMINATED AND VOID AND THE CHANNELING INJUNCTION AND ALL PROTECTIONS AFFORDED TO THE RELEASED PARTIES SET FORTH IN ARTICLE IX.I OF THE**

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan.

**EXHIBIT B**

**PLAN HAVE TERMINATED AUTOMATICALLY. SEE PLAN AT ART. IV.B.2 & ART. IX.I.5.**

**PLEASE TAKE FURTHER NOTICE THAT THE ESTATE PARTY SETTLEMENT IS NO LONGER EFFECTIVE AND ALL BENEFICIARIES OF THE TRUSTS, INCLUDING WITHOUT LIMITATION, ALL HOLDERS OF CHANNELED CLAIMS HAVE NINETY (90) DAYS FROM MARCH 5, 2026, OR JUNE 3, 2026 TO COMMENCE CAUSES OF ACTION AGAINST THE RELEASED PARTIES. SEE PLAN AT ART. IX.I.6.**

Pursuant to the Confirmation Order and the Plan, the Channeling Injunction has terminated and all **Statute of Limitations** for all Claims and Causes of Action against the Released Parties held by the Debtor, the Estate, the PI/WD Trust, the GUC Trust, and Holders of Channeled Claims shall be **tolled** and **extended** to the first Business Day that is ninety (90) days after the termination of the Channeling Injunction, or **June 3, 2026**.

The Trusts will commence litigation in respect of the Retained Causes of Action, which include Causes of Action owned, held, or capable of being asserted by, under, through or on behalf of the Debtor or its Estate, whether known or unknown, in law, at equity or otherwise, whenever and wherever arising under the laws of any jurisdiction, including actions that arise out of or are based on breach of contract, fraudulent conveyances and transfers, breach of fiduciary duty, breach of duty of loyalty or obedience, legal malpractice, recovery of attorneys' fees, turnover of property and avoidance or recovery actions of the Debtor or its Estate, and all other actions that constitute property of the Estate under section 541 of the Bankruptcy Code that are or may be pursued by a representative of the Estate, including pursuant to section 323 of the Bankruptcy Code, and actions, including Avoidance Actions under chapter 5 of the Bankruptcy Code, seeking relief in the form of damages (actual and punitive), imposition of a constructive trust, turnover of property, restitution, and declaratory relief with respect thereto or otherwise. For the avoidance of doubt, the Retained Causes of Action include the Released Estate Causes of Action under the Plan.

The Trusts will send a copy of this Notice to all Trust Beneficiaries and file a Certificate of Service with the Court.

Dated: March 5, 2026

Respectfully submitted,

*/s/ Nicholas Zluticky*
Nicholas Zluticky (SD TX Bar No. 3846893)
Zachary Hemenway (SD TX Bar No. 3856801)
**STINSON LLP**
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
Email: nicholas.zluticky@stinson.com
zachary.hemenway@stinson.com
*Co-Counsel to the PI/WD Trust and the GUC Trust*

2

/s/ Eric R. Goodman
David J. Molton (*pro hac vice*)
Eric R. Goodman (*pro hac vice*)
D. Cameron Moxley (*pro hac vice*)
**BROWN RUDNICK LLP**
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
egoodman@brownrudnick.com
cmoxley@brownrudnick.com

*Co-Counsel to the PI/WD Trust and the GUC Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 5th day of March 2026, he caused a true and correct copy of the foregoing notice to be served on all parties who have subscribed for electronic notice via the Court's CM-ECF Notification System.

 /s/ Nicholas Zluticky
Nicholas Zluticky

3