IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN E. GLEAVES, as Administrator of the ESTATE OF JONATHAN GLEAVES, JR.,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF PHILADELPHIA; TEHUM CARE SERVICES, INC. (formerly known as CORIZON HEALTH); GERALD SLORY; ELIZABETH BRADLEY; LALITHA TRIVIKRAM; MATU GAYE; YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ; SARA ANN TIRSCHWELL; AYODEJI OLAWALE LADELE; BEVERLY MICHELLE RICE; JEFFREY SCOTT KING; JENNIFER LYNNE FINGER; FRANK JEFFREY SHOLEY; and JOHN DOE(S),<br><br>                    Defendants. | No. 2:20-cv-04570-RBS |

**Response to Motion for Leave to Withdraw as Counsel for**
**Defendants Corizon Health, Inc., Elizabeth Bradley, Lalitha Trivikram, and Matu Gaye**

Plaintiff Jonathan E. Gleaves submits this response to the motion filed by counsel for

defendants Corizon Health, Inc., Elizabeth Bradley, Lalitha Trivikram, and Matu Gaye to

withdraw from representation due to prolonged non-payment of attorneys' fees. ECF 54.[1]

---

[1] The motion was filed on April 24, 2026, and a response was due on or before May 8, 2026. Plaintiff's counsel requested an extension of time to respond due to the ongoing process of substituting a new plaintiff for the deceased previous plaintiff, ECF 55, and the Court granted that request. ECF 56. The Court has since granted leave to file an Amended Complaint that, in relevant part, substituted a new plaintiff. ECF 62. Counsel, therefore, now files this response on behalf of plaintiff Jonathan E. Gleaves, the newly appointed Administrator of the Estate of Jonathan Gleaves, Jr.

Gleaves does not oppose counsel's request to withdraw from representation on the ground that, as a legal matter, the defendants' failure to pay counsel as agreed appears to be an appropriate basis for withdrawal. Gleaves does, however, request that the Court require defendants to undertake certain measures to prevent further extension of what have already been substantial delays in proceedings.[2]

This matter concerns a death that occurred in the Philadelphia Department of Prisons in September 2018, nearly *eight years* ago. After lengthy discovery delayed by pandemic office closures, the parties completed discovery and were in the midst of briefing summary judgment, ECF 38, 43, 43, when, in February 2023, defendant Corizon Health, Inc., through its successor, initiated bankruptcy proceedings. The Court then stayed the case on April 3, 2023, ECF 47, and the litigation has remained in stayed status for more than three years.

During the stay, plaintiff's counsel has closely monitored the bankruptcy proceedings litigated in the Southern District of Texas. The parties to the bankruptcy negotiated a plan requiring Corizon's successors to fund a trust for payment of claims submitted by personal injury claimants like the Estate of Jonathan Gleaves, Jr. Counsel submitted a claim and was advised by the trust administering the settlement that the claim met required criteria and would be evaluated for a payout determination. In the meantime, however, Corizon's successors defaulted on their obligations to fund the trust. As Gleaves informed the Court in recent filings, ECF 58, the default in the bankruptcy proceedings appears to be the result of serious misconduct by directors and

---

[2] When the Court considers motions to withdraw as counsel, it may consider numerous factors, including the stage of the proceedings and the prejudice to all parties. *BDP International, Inc. v. TP Brands International, Inc.*, No. 22-2743, 2024 WL 7004404, at *1 (E.D. Pa. Dec. 4, 2024); *see also Swift v. Pandey*, No. 13-cv-0650, 2026 WL 1029420, at *3 (D.N.J. Apr. 15, 2026).

officers of Corizon and related companies, and Gleaves expects to address that conduct by pursuit of claims asserted in his Amended Complaint. ECF 63.

The upshot of this procedural history is that Corizon and its successors have been the leading cause of an extraordinary delay in Gleaves's ability to seek a remedy for the wrongful death at issue in this case. Corizon delayed this litigation by initiating bankruptcy proceedings. By then failing to meet its negotiated obligations, it has and will cause further delay by requiring Gleaves to pursue new litigation against additional parties.

For these reasons, should the Court determine that counsel will be permitted to withdraw from representation of defendants Bradley, Trivikram, and Gaye, Gleaves requests that the Court impose the following requirements on these defendants[3]: (1) that any new counsel must be retained within 30 days of the Court's Order allowing current counsel to withdraw, (2) that new counsel entering the case must be prepared to answer plaintiff's Amended Complaint within the time allowed under the Federal Rules of Civil Procedure, and (3) that in the absence of new counsel meeting these requirements the defendants will be required to proceed without counsel. The defendants should also be advised that the claims against them (Counts I and III, ECF 63 at ¶¶ 115, 117-21) will proceed to trial as the parties completed discovery on those claims and reached the dispositive motions deadline without the filing of any motion by their counsel.[4]

---

[3] The Amended Complaint removes Corizon Health, Inc., as a defendant and, instead, names Tehum Care Services, Inc. Gleaves does not, however, seek damages from Tehum, but instead only identifies it as the entity through which the other various director and officer defendants have engaged in their improper conduct. ECF 63 at ¶ 7.

[4] The Court's last Scheduling Order, ECF 36, provided for a discovery completion date of December 27, 2022, and a dispositive motions deadline of January 31, 2023. Although counsel for defendants City of Philadelphia and Slory filed a motion by that deadline, counsel for defendants Bradley, Trivikram, and Gaye filed no motion, thereby conceding that the claims against those defendants should proceed to trial.

Respectfully submitted,


/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
KAIRYS, RUDOVSKY, MESSING
 FEINBERG & LIN LLP
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
jfeinberg@krlawphila.com

*Counsel for Plaintiff Jonathan E. Gleaves*